KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN T. BRICKER (State Bar No. 269100)
GIA L. CINCONE (State Bar No. 141668)
CALLA E. YEE (State Bar No. 306652)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
E-Mail:    ggilchrist@kilpatricktownsend.com
           rbricker@kilpatricktownsend.com
           gcincone@kilpatricktownsend.com
           cyee@kilpatricktownsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| LEVI STRAUSS & CO., | Case No. 3:18-cv-05247 |
|---|---|
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION (INJUNCTIVE RELIEF SOUGHT)** |
| v. | |
| SHEIN GROUP LIMITED and SHEIN FASHION GROUP, INC., | **JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiff Levi Strauss & Co. ("LS&Co.") complains against Defendants Shein Group Limited and Shein Fashion Group, Inc. (collectively the "Defendants") as follows:

**JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

1.  Plaintiff's LS&Co.'s first, second, and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition); 28 U.S.C. § 1331 (federal question); and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

/ / /

2. LS&Co. is informed and believes venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3. Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

**PARTIES**

4. LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since approximately the 1850s, LS&Co. is one of the oldest and best known apparel companies in the world. It manufactures, markets, and sells a variety of apparel, including its traditional LEVI'S® brand products.

5. LS&Co. is informed and believes that Defendant Shein Group Limited is a Chinese corporation with its principal place of business at 402 Jardine House, 1 Connaught Place, Central, Hong Kong. LS&Co. is informed and believes that Shein Group Limited manufactures, distributes, and/or sells, or has manufactured, distributed, and/or sold, garments under the brand name SHEIN which are offered for sale and sold throughout the United States, including in this judicial district. LS&Co. is further informed and believes that Shein has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

6. LS&Co. is informed and believes that Defendant Shein Fashion Group, Inc. is a California corporation with its principal place of business at 345 North Baldwin Park Boulevard, City of Industry, California 91746. LS&Co. is informed and believes that Shein Fashion Group, Inc. is an affiliate of Shein Group Limited that distributes and/or sells, or has distributed and/or sold, SHEIN brand garments via its retail websites, including, without limitation, www.us.shein.com and www.shein.com, throughout the United States, including in this judicial district. LS&Co. is further informed and believes that Shein Fashion Group, Inc. has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

/ / /

/ / /

/ / /

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

**LS&Co.'s Arcuate Stitching Design Trademark**

7.  LS&Co. marks its LEVI'S® brand products with a set of trademarks that are famous around the world.  For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold many millions of these products all over the world, including throughout the United States and in California.  Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for quality products.  LS&Co. continuously has used these trademarks, some for well over a century, to distinguish its products.

8.  Most of LS&Co.'s trademarks are federally registered; all are in full force and effect, valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used each of its trademarks, from the registration date or earlier, until the present, and during all time periods relevant to LS&Co.'s claims.

9.  Among its marks, LS&Co. owns the famous Arcuate Stitching Design Trademark (the "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States still in continuous use.  LS&Co. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products.  LS&Co. first used the Arcuate trademark on jeans and later used it on other products as well.

10.  LS&Co. owns, among others, the following United States and California Registrations for its Arcuate trademark, attached as Exhibit A.  These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

  a. U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943);

  b. U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

  c. U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003); and

1          d.      California Registration No. 088399 (first used as early as 1873;

2                  registered August 24, 1988).

3      11.     The Arcuate trademark is valid and protectable, and exclusively owned by LS&Co. The Arcuate trademark is famous and is recognized around the world and throughout the United States by consumers as signifying authentic, high quality LEVI'S® jeans.  The Arcuate trademark became famous prior to Defendants' conduct that is the subject of this Complaint.

       12.     Examples of LS&Co.'s use of its Arcuate trademark on LEVI'S® garments are attached as Exhibit B.

**LS&Co.'s Tab Trademark**

       13.     LS&Co. owns the famous Tab Device Trademark (the "Tab trademark"), which consists of a textile marker or other material sewn into one of the regular structural seams of the garment. LS&Co. uses the Tab trademark on LEVI'S® jeans and a variety of other clothing products.

       14.     LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936 when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight identification" of LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the customer."

       15.     LS&Co. owns, among others, the following United States Registrations for its Tab trademark, attached as Exhibit C.  These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

           a.      Registration No. 516,561 (first used as early as September 1,
                   1936; registered October 18, 1949);

           b.      Registration No. 1,157,769 (first used as early as September 1,
                   1936; registered June 16, 1981);

           c.      Registration No. 2,791,156 (first used as early as September 1,
                   1936; registered December 9, 2003);

/ / /


    d.    Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

    e.    Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

    f.    Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964); and

    g.    Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964).

16. The Tab trademark is valid and protectable, and exclusively owned by LS&Co. The Tab trademark is famous and recognized around the world and throughout the United States by consumers as signifying authentic, high quality LEVI'S® jeans and other garments. The Tab trademark became famous prior to Defendant's conduct that is the subject of this Complaint.

17. Examples of LS&Co.'s use of its Tab trademark on LEVI'S® garments are attached as Exhibit D.

**LS&Co.'s Housemark Design Trademark**

18. LS&Co. owns the famous Housemark Design Trademark (the "Housemark trademark") which is federally registered both with and without the LEVI'S® trademark. The Housemark was first created to indicate the common source of a diverse group of product lines within the varied range offered by LS&Co. The Housemark trademark was designed at least as early as 1966, and first registered in 1968. Examples of LS&Co.'s use of the Housemark trademark are attached as Exhibit E.

19. LS&Co. owns the following United States registrations for its Housemark trademark, attached as Exhibits F:

    a.    Registration No. 849,437 (first used as early as October 10, 1966; registered May 21, 1968);

    b.    Registration No. 1,135,196 (first used as early as April 15, 1975; registered May 13, 1980);

/ / /

1          c.      Registration No. 2,259,153 (first used as early as December 31,

2                1990; registered July 6, 1999); and

3          d.      Registration No. 4,653,689 (first used as early as July 17, 2014;

4                registered December 9, 2014).

**Defendants' Infringement of LS&Co.'s Trademarks**

20. Beginning at some time in the past and continuing until the present, Defendants have manufactured, promoted, and/or sold garments that infringe and dilute LS&Co.'s Arcuate trademark, Tab trademark, and Housemark trademark (collectively, the "LS&Co. Marks").

21. LS&Co. is informed and believes that the Defendants have manufactured, sourced, marketed, and/or sold jeans bearing pocket stitching designs that are nearly identical to LS&Co.'s Arcuate trademark (hereinafter "Shein Stitching Design") and are likely to confuse consumers about the source of Defendants' products and/or a relationship between Defendants and LS&Co. Images of Defendants' products bearing the Shein Stitching Design are attached to this Complaint as Exhibit G.

22. LS&Co. is informed and believes that the Defendants have manufactured, sourced, marketed, and/or sold garments bearing a pocket tab device that is nearly identical to LS&Co.'s Tab trademark (hereinafter "Shein Tab") and is likely to confuse consumers about the source of Defendants' products and/or a relationship between Defendants and LS&Co. Images of Defendants' products bearing the Shein Tab are attached to this Complaint as Exhibit H.

23. LS&Co. is informed and believes that the Defendants have manufactured, sourced, marketed, and/or sold t-shirts bearing a design that is nearly identical to LS&Co.'s Housemark trademark (hereinafter the "Shein T-shirt") and is likely to confuse consumers about the source of Defendants' products and/or a relationship between Defendants and LS&Co. Images of the Shein T-shirt are attached to this Complaint as Exhibit I.

24. On July 2, 2018, LS&Co. wrote to Defendants, demanding that they cease manufacturing, promoting, and selling products that infringe the LS&Co. Marks, including garments bearing the Shein Stitching Design, garments bearing the Shein Tab, as well as the Shein T-shirt (collectively the "Shein Infringing Products"). Shein responded to LS&Co.'s letter, stating that

it had suspended selling the Shein Infringing Products, and that it had returned such products to its supplier. LS&Co. reviewed Defendants' websites after receiving that response and found that the Shein Infringing Products were still offered for sale, though, on information and belief, Defendants had edited images of the Shein Infringing Products to obscure the infringing designs. LS&Co. confirmed its suspicion through a test purchase made in late-July and delivered on or around August 6, 2018. LS&Co. found that, though Defendants' online sales listings included images that did not show infringing designs, Defendants sold and shipped one or more of the Shein Infringing Products. On information and belief, Defendants continue to sell products bearing trademarks and designs that are nearly identical to the LS&Co. Marks.

25. LS&Co. is informed and believes that Defendants have manufactured, marketed, and sold substantial quantities of the Shein Infringing Products, and have obtained and continue to obtain substantial profits from these sales.

26. Defendants' actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, they will continue and/or expand their illegal activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

    a. Depriving LS&Co. of its statutory rights to use and control use of its trademarks;

    b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

    c. Causing the public falsely to associate LS&Co. with Defendants and/or the SHEIN brand products, or vice versa;

    d. Causing incalculable and irreparable damage to LS&Co.'s goodwill and diluting the capacity of its trademarks to differentiate LEVI'S® products from others; and

    e. Causing LS&Co. to lose sales of its genuine clothing products.

/ / /

27.  Accordingly, in addition to other relief sought, LS&Co. is entitled to injunctive relief against Defendants, their affiliates, licensees, subsidiaries, and all persons acting in concert with them.  Injunctive relief is particularly warranted in this case, where Defendants have made affirmative misrepresentations to LS&Co. about cessation of sales of the Shein Infringing Products.

**FIRST CLAIM
FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

28.  LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29.  Without LS&Co.'s consent, Defendants have used, in connection with the sale, offering for sale, distribution, or advertising of its products, designs that infringe upon LS&Co.'s registered Arcuate, Tab, and Housemark trademarks.

30.  These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

31.  As a direct and proximate result of Defendants' infringing activities, LS&Co. is entitled to recover Defendants' unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

32.  Defendants' infringement of LS&Co.'s trademarks is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Defendants' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

33.  LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**SECOND CLAIM
FEDERAL UNFAIR COMPETITION
(False Designation of Origin and False Description)
(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

34.  LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35.  Defendants' use of the Shein Stitching Design, Shein Tab, and Shein T-shirt design tend falsely to describe Defendants' products within the meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the

affiliation, connection, association, origin, sponsorship, or approval of Defendants' products, to the detriment of LS&Co. and in violation of 15 U.S.C. § 1125(a)(1).

36. As a direct and proximate result of Defendants' infringing activities, LS&Co. is entitled to recover Defendants' unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

37. Defendants' infringement of the LS&Co. Marks is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Defendants' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

38. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

39. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 38 of this Complaint.

40. LS&Co.'s Arcuate, Tab, and Housemark trademarks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were distinctive and famous prior to Defendants' conduct as alleged in this Complaint.

41. Defendants' conduct is likely to cause dilution of LS&Co.'s Arcuate, Tab, and Housemark trademarks by diminishing their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

42. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

**FOURTH CLAIM**
**CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION**
**(Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)**

43. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44. Defendants' infringement of LS&Co.'s Arcuate, Tab, and Housemark trademarks is likely to cause consumer confusion and dilution of LS&Co.'s marks in violation of California Business & Professions Code sections 14245 and 14247.

45. Defendants' infringed and diluted LS&Co.'s Arcuate, Tab, and Housemark trademarks with knowledge and intent to cause confusion, mistake, or deception.

46. Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

47. Pursuant to California Business & Professions Code sections 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by LS&Co. by reason of Defendants' manufacture, use, display, or sale of infringing goods.

**FIFTH CLAIM**
**CALIFORNIA UNFAIR, UNLAWFUL, AND FRAUDULENT COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

48. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

49. Defendants' conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section 17200.

50. As a consequence of Defendants' acts of unlawful, unfair, and fraudulent competition, LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

**PRAYER FOR JUDGMENT**

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

1. Adjudge that LS&Co.'s Arcuate trademark has been infringed by Defendants in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

2. Adjudge that LS&Co.'s Tab trademark has been infringed by Defendants in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

3. Adjudge that LS&Co.'s Housemark trademark has been infringed by Defendants in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

4. Adjudge that Defendants have competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

5. Adjudge that Defendants' activities are likely to dilute LS&Co.'s famous Arcuate, Tab, and Housemark trademarks in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

6. Adjudge that Defendants, their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble LS&Co.'s Arcuate, Tab, or Housemark trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for LS&Co., including, without limitation, any product that bears the Shein Stitching Designs, Shein Tab, or Shein T-Shirt design which are the subject of this Complaint and for which Defendants are responsible, or any other approximation of LS&Co.'s trademarks;

    b. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their products with LS&Co., or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

    c. Further infringing the rights of LS&Co. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&Co.'s goodwill or business reputation;

    d. Further diluting the Arcuate, Tab, or Housemark trademarks;

    e. Otherwise competing unfairly with LS&Co. in any manner; and

    f. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

7. Adjudge that Defendants be required immediately to supply LS&Co.'s counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which

/ / /

1  it sold, offered for sale, distributed, advertised, or promoted, infringing products as alleged in this
2  Complaint;

3        8.      Adjudge that Defendants be required immediately to deliver to LS&Co.'s counsel
4  their entire inventory of infringing products, including, without limitation, pants and any other
5  clothing, packaging, labeling, advertising and promotional material, and all plates, patterns, molds,
6  matrices, and other material for producing or printing such items, that are in their possession or
7  subject to their control and that infringe LS&Co.'s trademarks as alleged in this Complaint;

8        9.      Adjudge that Defendants, within thirty (30) days after service of the judgment
9  demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written
10 report under oath setting forth in detail the manner in which they have complied with the judgment;

11       10.     Adjudge that LS&Co. recover from Defendants their damages and lost profits, and
12 Defendants' profits, in an amount to be proven at trial, as well as punitive damages under California
13 law;

14       11.     Adjudge that Defendants be required to account for any profits that are attributable to
15 their illegal acts, and that LS&Co. be awarded (1) Defendants' profits and (2) all damages sustained
16 by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

17       12.     Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be
18 trebled;

19       13.     Order an accounting of and impose a constructive trust on all of Defendants' funds
20 and assets that arise out of Defendants' infringing activities;

21       14.     Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection
22 with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

15. Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

Dated: August 28, 2018

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:     /s/ *Ryan T. Bricker*
        Ryan T. Bricker

Attorneys for Plaintiff
LEVI STRAUSS & CO.

**DEMAND FOR JURY TRIAL**

LS&Co. demands that this action be tried to a jury.

Dated: August 28, 2018

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Ryan T. Bricker*
Ryan T. Bricker

Attorneys for Plaintiff
LEVI STRAUSS & CO.

71083062V.1